# SEALED

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2018-2
SEPTEMBER 25, 2018 SESSION**



FILED
SEP 2 5 2018
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 2:18-00199

                                21 U.S.C. § 841(a)(1)
                                21 U.S.C. § 846
**GREG COLEMAN**                 18 U.S.C. § 922(g)(1)
**JOHN D. TONEY, AKA "JD"**      18 U.S.C. § 924(a)(2)
**ERIC COLEMAN**
**GARY HARVEY**

# I N D I C T M E N T

The Grand Jury Charges:

## COUNT ONE

### (Conspiracy to distribute controlled substances)

1. From in or about October 2017, to on or about July 31, 2018, at or near Scarbro, Fayette County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant GREG COLEMAN, JOHN D. TONEY, AKA "JD," ERIC COLEMAN, and GARY HARVEY, together with other persons whose identities are both known and unknown to the Grand Jury, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute heroin, a Schedule I controlled substance, methamphetamine, a Schedule II controlled substance, and oxycodone, a schedule II controlled substance.

QUANTITY OF HEROIN INVOLVED IN THE CONSPIRACY

2. Defendant GREG COLEMAN conspired to distribute one kilogram or more of heroin, a Schedule I controlled substance.

3. Defendants JOHN D. TONEY, AKA "JD", and ERIC COLEMAN, conspired to distribute 100 grams or more of heroin, a Schedule I controlled substance.

QUANTITY OF METHAMPHETAMINE INVOLVED IN THE CONSPIRACY

4. Defendants GREG COLEMAN, JOHN D. TONEY, AKA "JD" and ERIC COLEMAN, conspired to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

QUANTITY OF OXYCODONE INVOLVED IN THE CONSPIRACY

5. Defendants GREG COLEMAN, JOHN D. TONEY, AKA "JD", ERIC COLEMAN, and GARY HARVEY, conspired to distribute a quantity of oxycodone, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 846.

## **COUNT TWO**

**(Distribution of Heroin)**

On or about October 3, 2017, at or near Hilltop, Fayette County, West Virginia, and within the Southern District of West Virginia, defendant GREG COLEMAN knowingly and intentionally distributed a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

### (Distribution of Methamphetamine and Heroin)

On or about January 23, 2018, at or near Scarbro, Fayette County, West Virginia, within the Southern District of West Virginia, defendant GREG COLEMAN knowingly and intentionally distributed 5 grams or more of methamphetamine, a Schedule II controlled substance and a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR

**(Possession with Intent to Distribute Heroin)**

On or about July 16, 2018, at or near Scarbro, Fayette County, West Virginia, and within the Southern District of West Virginia, defendant GREG COLEMAN, knowingly and intentionally possessed with intent to distribute 100 grams or more of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

### (Felon in Possession of a Firearm)

1. On or about July 16, 2018, at or near Scarbro, Fayette County, West Virginia, and within the Southern District of West Virginia, defendant GREG COLEMAN did knowingly possess a firearm, that is, a Smith & Wesson, model SW9VE, 9mm semi-automatic pistol, in and affecting interstate commerce.

2. At the time defendant GREG COLEMAN possessed the aforesaid firearm, he had been convicted of the following crimes, which were punishable by a term of imprisonment exceeding one year, as defined in 18 U.S.C. § 921(a)(20), that is, convicted on or about September 15, 2003, in the Circuit Court of Fayette County, West Virginia, of conspiracy to commit a felony, in violation of West Virginia Code § 61-10-31, and Fraudulent Schemes, in violation of West Virginia Code § 61-3-24d.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## **FORFEITURE**

1. The allegations contained in Counts 1 and 5 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c).

2. Pursuant to 18 U.S.C. § 924(d)(1), 21 U.S.C. § 853, 28 U.S.C. § 2461(c) and Rule 32.2(a) of the Federal Rules of Criminal Procedure, upon conviction of an offense in violation of 18 U.S.C. § 922, and 21 U.S.C. §§ 841 and 846, the defendants, GREG COLEMAN, JOHN D. TONEY, AKA "JD," ERIC COLEMAN, and GARY HARVEY, shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses, including, but not limited to the following property:

> A FIE Titan .25 caliber semi-automatic pistol, a Rohm 66 .22 caliber revolver, a Savage Arms 20 gauge shotgun, a KelTec 12 gauge shotgun, a Remington Field Master 572 .22 caliber rifle, Arms Corporation AK 47/22 .22 caliber rifle, an Iver Johnson 12 gauge shotgun, a Ruger 77/22 .22 caliber rifle, Braztech .22 caliber rifle, DTI, DTI-15 5.56 caliber rifle, a Wolf .50 caliber black powder rifle, a KelTec model P3AT, .380 caliber semi-automatic pistol, a Mossberg model 500, 12 gauge

shotgun, a Remington model 700, 25-06 caliber rifle, a FIE E15 .22 caliber revolver, a Savage Arms, model 62, .22 caliber rifle, a CBC Mossberg, model 702 Plinkster, .22 caliber rifle, a Remington, model 870, 12 gauge shotgun, an Excam GT28, .25 caliber semi-automatic pistol, a Savage Arms, model Mark II, .22 caliber rifle, a Jennings, model J22, .22 caliber pistol, a Remington, model 870 12 gauge shotgun, a QFI 28 Special Revolver, Daisy MFG Co. 2202, .22 caliber rifle, a Heritage Rough Rider, .22 caliber rifle, a Hatfield SGL 12 gauge shotgun, a Mossberg model 100ATR .270 caliber rifle, a Taurus, model 6542 38 Special revolver, a Remington Field Master 572, .22 caliber rifle, a Beretta, model 30/32 Tomcat, .32 caliber semi-automatic pistol, an Eastern Arms Company, model 94A, 16 gauge shotgun, a Remington, model 7400, 30-06 rifle, a Taurus, Rossi S121280, 12 gauge shotgun, a Rossi, model S41 410 gauge shotgun, a Marlin, model 60, .22 caliber rifle, an H&R, model 676, .22 caliber revolver, a HiPoint JH .45 caliber semi-automatic pistol, a Spain OT-49385 Rifle, a Ruger Single 6 .22 caliber revolver, a HiPoint, model 4595, .45 caliber semi-automatic pistol, a Taurus, model The Judge .45/410 caliber revolver, a Tanfoglio Gardone TA76, .22 caliber revolver, an IJA&C WKS, IJ Target Sealed 8, .22 caliber revolver, a Heritage Rough Rider .22 caliber revolver, a Smith & Wesson, model SW9VE, 9mm semi-automatic pistol, a FIE Titan .25

caliber, semi-automatic pistol, a Walther PK380, .380 caliber semi-automatic pistol, a Walther, model CCP, 9mm semi-automatic pistol, a Smith & Wesson, model SD9VE, 9mm semi-automatic pistol, a Smith & Wesson, model SW9VE, 9mm semi-automatic pistol, a Smith & Wesson, model SD40VE, .40 caliber semi-automatic pistol, a Taurus, model 709SUN, 9mm semi-automatic pistol, an E&R Sterling .25 caliber pistol, a KelTec, model Sub-2000, 9mm semi-automatic pistol, a CBC, model SB, 12 gauge shotgun, a Savage Arms, model M 30-06 rifle, a Remington, model 700, 30-06 rifle, a Ruger, model 10/22, .22 caliber rifle, New England Firearms Pardner, model SBI, 410 gauge shotgun, Wards Hercules, model SD108, 20 gauge shotgun, an Unknown .22 caliber rifle, a Savage Arms, model 94, 20 gauge shotgun, a Taurus Rossi, model S411220, .22 caliber rifle, a Ruger model 22/45 MK III, .22 caliber rifle, and a Smith & Wesson .40 caliber semi-automatic pistol, seized from the residence of Greg Coleman on or about July 16, 2018.

3. If any of such property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

          MICHAEL B. STUART
          United States Attorney

By: _____
          TIMOTHY D. BOGGESS
          Assistant United States Attorney